Arthur Jackson BURTON,
Plaintiff–Appellant,

v.

Theodore NAULT, Lt.; Larry Thornton, Dr., Defendants–Appellees.

No. 89–1785.

United States Court of Appeals,
Sixth Circuit.

Submitted March 8, 1990.

Decided May 4, 1990.

Arthur Jackson Burton, Michigan Dept. of Corrections, Marquette, Mich., for plaintiff-appellant.

Chester S. Sugierski, Jr., Dept. of the Atty. Gen., Corrections Div., Lansing, Mich., for defendants-appellees.

Before MARTIN and BOGGS, Circuit Judges; and PECK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App. 34(a).

Arthur Jackson Burton is an inmate at the Marquette Branch Prison of the Michigan state prison system. He filed a civil rights action under 42 U.S.C. § 1983 against two prison employees, a guard commander and a clinical psychologist, in connection with their alleged interference with his first amendment rights. The district court granted summary judgment for defendants and this appeal followed.

We review *de novo* the grant of summary judgment. *Berlin v. Mich. Bell Tele. Co.*, 858 F.2d 1154, 1161 (6th Cir.1988). Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The nonmoving party must make a

sufficient showing on an essential element of his case with respect to which he bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The facts here are not in dispute. The parties agree that the prison staff opened and read an unmailed letter from Burton to his attorney when the letter was found next to Burton after his attempted suicide.

We do not believe that the prison officials "censored" Burton's mail or in any way restricted or chilled his ability to correspond with his attorney. The officials read the letter to determine if the letter mentioned any drug use in Burton's attempted suicide by hanging and by slashing his arm. Assuming that the officials' activity does raise first amendment concerns, we believe the government's actions were justified under *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) *overruled in part, Thornburgh v. Abbott*, 490 U.S. ——, ——, 109 S.Ct. 1874, 1881–1882, 104 L.Ed.2d 459, 473 (1989).

In *Procunier v. Martinez*, the Court held that the censorship of prisoners' mail is justified if "[f]irst, the regulation *or practice* in question must further an important or' substantial governmental interest unrelated to the suppression of expression." 416 U.S. at 413, 94 S.Ct. at 1811 (emphasis supplied). Prison officials must demonstrate that the regulations authorizing the censorship of prisoners' mail furthers one or more of the substantial interests of security, order, and rehabilitation. *Id.* Second, limitation of prisoners' first amendment freedoms "must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id.*

We note that in *Thornburgh v. Abbott*, the Court recently held that the *Procunier v. Martinez* analysis applied to censoring outgoing prisoner mail, as in this case, as opposed to the reasonableness standard for censoring all incoming correspondence announced in *Turner v. Safely*, 482 U.S. 78, 89–90, 107 S.Ct. 2254, 2261–62, 96 L.Ed.2d 64 (1987) (upholding regulations reasonably related to legitimate penological interests).

490 U.S. at ——, 109 S.Ct. at 1881–1882, 104 L.Ed.2d at 473.

While *Martinez, Turner,* and *Abbott* all dealt with regulations, language in *Martinez* indicates that the censorship analysis announced in that decision applies to "practices" by prison officials as well as regulations. *Procunier*, 416 U.S. at 413, 414, 94 S.Ct. at 1811 ("regulation or practice").

Applying that test to the circumstances present at the time Burton attempted to commit suicide, we hold that the prison officials' activities were unrelated to the suppression of expression. Further, the officials were properly considering their interest in Burton's safety from possible drug overdose. The prison's interest in a prisoner's safety surely falls within each of the categories of legitimate government interest identified by the Court as necessary goals for the enactment of regulations authorizing mail censorship, *i.e.*, security, order, and rehabilitation. *See Martinez*, 416 U.S. at 413, 94 S.Ct. at 1811. In a suicide prevention situation, as in this case, the opening and reading of Burton's mail was not a greater measure than necessary to protect his safety from possible drug usage.

Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.