949 F.2d 397
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles P. HOLLOWAY, Plaintiff-Appellant,
v.
Carmen D. PALMER, et al., Defendants-Appellees.
 No. 91-1846.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1991.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles P. Holloway appeals the district court's order granting the defendants' motion for summary judgment and dismissing this complaint filed under 42 U.S.C. § 1983. The defendants include the warden and eight other corrections officers employed at the Ionia Maximum Correctional Facility in Ionia, Michigan. Holloway also requests appointment of counsel, on appeal.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Holloway alleged that the defendants, by collectively implementing and enforcing a prison policy prohibiting prisoners who are housed in administrative segregation from passing anything between cells, unconstitutionally denied him his First Amendment right to freedom of speech. Holloway argues that this policy furthers no legitimate penological interests or objectives because the defendants could inspect literature, including documents regarding politics and religion, before permitting the materials to be passed from one cell to another.
 
 
 4
 Upon review, we conclude that the district court's order granting summary judgment should be affirmed, but for reasons other than that stated by the district court. Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Even assuming as true the prisoner's arguments, on appeal, that he is incapable, financially, of utilizing the United States mails as an alternative to passing materials between the cells within the prison, the affidavits and evidence of record are sufficient to meet the government's burden of showing that the prison policy in question is valid, as it is reasonably related to legitimate penological interests. Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The prison regulation is applicable only to the high-security prisoner classification group at a maximum security facility in Michigan. Considering the stated legitimate penological interests of controlling the distribution of contraband, limiting riots and curtailing escape attempts, the policy does pass constitutional muster when reviewed under the four factors for determining the reasonableness of a regulation which allegedly impinges upon First Amendment rights, as set forth in Thornburgh and in Turner v. Safley, 482 U.S. 78, 90-91 (1987). See also Burton v. Nault, 902 F.2d 4, 5 (6th Cir.), cert. denied, 111 S.Ct. 198 (1990).
 
 
 6
 Accordingly, Holloway's request for appointment of counsel is denied, and the district court's order granting the defendants' motion for summary judgment and dismissing this complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.